EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VIRGILIO ENCARNACIÓN ENCARNACIÓN, acusado y apelante.

*Número:* CR-67-109     *Resuelto:* 26 de abril de 1968

*Virgilio Encarnación Encarnación, pro se; Enrique Miranda Merced* y *E. Armstrong de Watlington,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,*

934

y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante, Virgilio Encarnación, fue acusado y convicto por tribunal de derecho de la posesión de heroína. Renunció al derecho de que su caso se viera ante un jurado luego del juez sentenciador explicarle en detalle la naturaleza del jurado y la mayor protección de sus derechos que provee la institución del jurado. Fue sentenciado a cumplir de seis a diez años de presidio.

Referido su caso en apelación a la Sociedad para Asistencia Legal, ésta informó que no encontraba errores que señalar. Indicó que la doctrina establecida en *Pueblo v. Márquez Estrada,* 93 D.P.R. 811 (1966), no era aplicable.

■ La prueba demostró que el apelante fue sorprendido en la calle Muñoz Rivera del pueblo de Carolina, detrás de un almacén, mientras sostenía la mano derecha de un tal José Julián con una mano y en la otra tenía una chapita, al mismo tiempo que otro individuo le introducía a José Julián una aguja hipodérmica unida a una jeringuilla. Al ser sorprendidos huyeron, pero la policía ocupó la chapita, la que había dejado caer el apelante, más el otro material. Se estipuló que el químico declararía que sometió esta evidencia a análisis y dio positivo de heroína. El apelante testificó que en la fecha y hora en que se alega ocurrieron los hechos él se encontraba en un lugar distinto en un restorán.

El juez de instancia denegó la moción de reconsideración de la sentencia condenatoria del apelante porque concluyó que el caso de *Márquez,* supra, no era aplicable porque de la estipulación en este caso no aparece, como en *Márquez,* supra, la cantidad de heroína que se ocupó en la chapa. La vista de este caso se celebró el 14 de diciembre de 1965, o sea, el día antes de la fecha de nuestro dictamen en *Márquez,* supra.

El apelante, por su propio derecho, apunta que:

(1) incidió el tribunal de instancia al aceptar la estipulación que el policía Carrasquillo entregó la referida evidencia ocupada al Sargento Cardona y éste la devolvió a aquél dos días después y que éste la llevó al cuartel general al químico Vázquez y que al ser analizada por éste dio positivo de heroína. Arguye que no hay seguridad de que los artículos examinados eran los mismos que fueron ocupados. A través del contrainterrogatorio del policía Carrasquillo quedó establecida la identidad de la evidencia ocupada y analizada. El caso de *Márquez*, supra, no es de aplicación pues el récord demuestra que el apelante participaba con otra persona en inyectar a una tercera persona de manera que al ocuparse la chapa y la aguja hipodérmica que se usaban en la referida operación en este caso y aparecer del examen químico de los mismos que contenían heroína, es obvio que al ser sorprendidas las tres personas en cuestión por la policía, el apelante y su acompañante poseían una cantidad de heroína susceptible de ser usada como estupefaciente;

(2) al sostener como buena la declaración del policía Carrasquillo pues testificó que el apelante le aplicaba un torniquete a José Julián en el brazo derecho y en contrainterrogatorio dijo que le apretaba la mano pero no le aplicaba torniquete. El récord indica que lo que testificó Carrasquillo fue que el apelante le apretaba la mano a José Julián "como si estuviera formando un torniquete";

(3) al aceptar como bueno, que el apelante fuera arrestado por varios policías sin orden de arresto seis días después de ocurrir los hechos y entre ellos no figuraba el policía denunciante. Como indica el Procurador General, en vista de haberse encontrado heroína en la chapita y de las demás circunstancias del caso, la policía tenía motivos fundados para creer que el apelante había cometido un delito

grave y por lo tanto podía arrestarlo sin previa orden de arresto. Regla 11(c) de las de Procedimiento Criminal.

*Se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 20 de diciembre de 1966.*